IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS BRYAN, JR. and | : | Case No. 4:15-CV-214 |
| JOAN BRYAN (H/W), | : | |
| | : | |
| Plaintiffs, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| KINGS EXPRESS, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

July 27, 2015

## I. BACKGROUND:

The instant action arises from a commercial trucking-related accident that

took place on Interstate 80 in Scott Township, Columbia County, Pennsylvania,

shortly before Exit 236B, on July 24, 2014 at 12:00 p.m. Plaintiffs Douglas Bryan

Jr. ("Mr. Bryan") and his wife, Joan Bryan, filed this complaint on January 19,

2015 against Defendant Kings Express, Inc. ("Kings Express"). ECF No. 1.

Plaintiffs complaint is brought on two counts. Count I is a claim of

negligence against Defendant through the actions of their deceased employee,

Lonnie Huffman. Count II is a claim for loss of consortium for Joan Bryan.

On March 2, 2015, Defendant filed a Motion to Dismiss Pursuant to Federal

Rules of Civil Procedure Rule 12(b)(6). ECF No. 10. Defendant argues that Plaintiffs' complaint has "no factual predicate for the notion that King [sic] Express could be deemed to have conducted itself in a reckless manner, and the 'recklessness' should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)." ECF No. 10 at 6.

On March 16, 2015, Plaintiffs filed a Response in Opposition to Defendant's Motion for Dismissal. ECF No. 13. Plaintiffs claim again that Mr. Huffman suffered from sleep apnea and that Defendant was aware of his impaired ability to safely operate a tractor trailer. They also reiterate that they are bringing this claim against Defendant "alleging negligence and recklessness on the part of Mr. Huffman." ECF No. 13 at 2.

For the reasons addressed, and discussed below, the Court will grant Defendant's Motion for Dismissal in part and deny it in part.

## II.  LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to Plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  However,  "the tenet that a court

must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citations omitted).   In ruling on such a motion, the Court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  At the motion to dismiss stage, the Court considers whether Plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, Plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact

pleading." *Hellmann v. Kercher*, 07-CV-1373, 2008 U.S. Dist. LEXIS 54882 at *4, 2008 WL 1969311 (W.D. Pa. May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds on which it rests,'" *Twombly*, 127 S.Ct. at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. *Hellmann*, *supra.*   Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, *supra* (*citing* Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  *Id*. at 326.

If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327

## III. DISCUSSION

### A. Allegations in the Complaint

Accepting as true all of the allegations in the complaint, the facts are as follows. As delineated above, Mr. Bryan was driving his United Parcel Service ("UPS") tractor trailer on Interstate 80 in Scott Township, Columbia County, Pennsylvania, near Exit 236B, on July 24, 2014 at approximately 12:00 p.m. ECF No. 1 at ¶7.

Traffic on Interstate 80 slowed due to construction and Mr. Bryan brought his tractor trailer to a stop behind another tractor trailer. *Id.* at ¶12. At that time, Lonnie Huffman, driving a tractor trailer owned by Kings Express, rear-ended Mr. Bryan's tractor trailer. *Id.* at ¶13. The force of the impact caused Mr. Bryan's tractor trailer to collide with the rear of the tractor trailer in front of it. *Id.* at ¶14. Mr. Huffman was killed in the accident, while Mr. Bryan suffered "severe traumatic injuries." *Id.* at ¶15-16.

Plaintiffs allege that at the time of the incident, "Mr. Huffman suffered from

a medical condition or conditions, including sleep apnea that impaired his ability to safely operate a tractor trailer." *Id.* at ¶17. Further, Plaintiffs allege "Kings Express was aware of, or should have been aware of Mr. Huffman's medical conditions that impaired his ability to safely operate a tractor trailer." *Id.* at ¶18. Moreover, Plaintiffs allege that Mr. Huffman, and through him the Defendant, was guilty of "negligence, carelessness, and recklessness." *Id.* at ¶21.

**B. Analysis**

In their Response to Defendants Motion for Dismissal, Plaintiffs assert that their "Complaint adequately sets forth factual averments that can support the allegation of recklessness by Defendant." ECF No. 13 at 4. The Court respectfully disagrees.

In paragraphs 17-18 of their complaint, Plaintiffs provide the following facts:

> 17. Upon information and belief, at the time of the accident Mr. Huffman suffered from a medical condition or conditions, including sleep apnea that impaired his ability to safely operate a tractor trailer.
> 18. Upon information and belief, Kings Express was aware of, or should have been aware of Mr. Huffman's medical conditions that impaired his ability to safely operate a tractor trailer.

ECF No. 1. Plaintiffs never allege that sleep apnea or other medical conditions actually caused Mr. Huffman to crash into Mr. Bryan. In failing to make this direct

connection, the Court is being asked to connect those dots itself.

As noted above, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. *Hellmann*, 2008 U.S. Dist. LEXIS 54882 at*4, (Lancaster, J.). Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S.Ct. at 1965.

Plaintiffs further fail to present a well-pleaded complaint with regard to Count I's claim of negligence. Count I, paragraph 21 states:

> 21. The negligence, carelessness, and recklessness of Mr. Huffman and through him, Defendant Kings Express, and the negligence of Kings Express directly, consisted of the following:

ECF No. 1. After listing the facts that they believe support those claims, Plaintiffs demand compensatory damages against Defendant. However, the Plaintiffs have combined several different legal theories into one Count, leading to confusion as to what they actually aver.

Pennsylvania tort law provides a variety of relief claims that may be applicable to this particular case. However, the instant complaint only hints at them. Count I claims negligence, but also lists carelessness and recklessness.

Recklessness carries with it a significantly different legal meaning than negligence.

> Negligence is established by proving the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." *Estate of Swift by Swift v. Northeastern Hosp.*, 456 Pa.Super. 330, 690 A.2d 719, 722 (1997). Moreover, in any negligence action, "establishing a breach of a legal duty is a condition precedent to a finding of negligence." *Id.*

*Grossman v. Barke*, 2005 PA Super 45, ¶ 10, 868 A.2d 561, 566 (2005). However, recklessness is defined differently. The Superior Court of Pennsylvania adopted section 500 of the Restatement (Second) of Torts, which defines reckless disregard. In doing so, it cited the following:

> Restatement (Second) of Torts § 500. The comments to this section explain, *inter alia*, that in order to be reckless, conduct
>
>> must be unreasonable; but to be reckless it must be something more than negligent. It must not only be unreasonable, but it must involve a risk of harm to others substantially in excess of that necessary to make the conduct negligent. *It must involve an easily perceptible danger of death or substantial physical harm, and the probability that it will so result must be substantially greater than is required for ordinary negligence....* [emphasis supplied].
>>
>> The actor to be reckless must recognize that his conduct involves a risk substantially greater in amount than that which is necessary to make his conduct negligent. The difference between reckless misconduct and conduct involving only such a quantum of risk as is necessary to make it negligent is a difference in the degree of the risk, but this difference of degree is so marked as to amount substantially to a difference in kind.

*Moran for & on Behalf of Estate of Moran v. G. & W.H. Corson, Inc.*, 402 Pa.

Super. 101, 114, 586 A.2d 416, 423 (1991).

The question remains then: are Plaintiffs claiming negligence or recklessness, or both? If they are making both claims, the claims need to be cited in separate counts, and the facts alleged must support each of those counts.

In addition to separating negligence from recklessness, Plaintiffs failed to clarify the type of negligence and recklessness they are alleging against Kings Express. For example, it appears from the initial complaint at paragraph 21 that Plaintiffs allege that Defendant was vicariously liable through the actions of their employee, Mr. Huffman. ECF No. 1 at ¶21. However, Plaintiffs never specifically state a claim for "vicarious liability." Furthermore, the complaint alleges that Defendant knew or should have known about Mr. Huffman's medical conditions, and should not have retained him in their employ. *Id.* at ¶18. However, Plaintiffs never state a claim for "employer liability for negligent hiring or retention of employee." Instead, Plaintiffs' complaint is vague, leaving much to the speculation of Defendant and the Court.

Finally, Plaintiffs' complaint demands compensatory damages in excess of seventy-five thousand dollars. ECF No. 1 at 6. However, it fails to enunciate the type of compensatory damages. For example, Plaintiffs might be asking for, *inter alia*, lost wages, or for medical expenses, or both. But without clearly defining

those claims, the Court is unable to discern what relief is actually being requested.

Moreover, given that Plaintiffs use the word 'recklessness,' they may also be

alluding to punitive damages. If so, that must be clearly stated in the complaint.

## IV.  CONCLUSION

Defendant's Motion for Dismissal Pursuant to Federal Rules of Civil

Procedure 12(b)(6) will be granted in part and denied in part. Plaintiffs' complaint

will be dismissed with leave to amend.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge